**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.  Case No.  8:16-cr-462-T-24TBM

**YAIRIS DIAZ**

_____/

**O R D E R**

Before the Court is Defendant's Amended Motion for Review of Detention Order. (Doc. 24). A hearing was held on December 23, 2016.

The defendant has been charged, by way of a two-count Indictment, with tax fraud, pursuant to 26 U.S.C. § 7206(1). (Doc. 1). More specifically, the defendant is charged with under-reporting her income and failing to identify herself as married on her U.S. Individual Tax Returns, IRS Form 1040, for tax years 2010 (Count One) and 2011 (Count Two).  The defendant was arrested on November 9, 2016, and appeared before the Court for her initial appearance and bond hearing that same day. (Doc. 6).  Prior to the bond hearing, the Government filed its Motion for Pretrial Detention. (Doc. 5).  At the bond hearing, the government and defense counsel both proffered evidence to the Court and made legal arguments concerning the Government's motion.  At the conclusion of the hearing, the Court detained the defendant, and stated the reasons for detention on the record plus memorialized them in a written order. (Doc.12).  In summary, the undersigned determined that the defendant was a serious risk flight and that the available conditions were insufficient to assure the defendant's presence in Court.

On December 19, 2016, Defendant filed her Motion for Review of Detention Order (Doc. 19), which was mooted by Defendant filing her Amended Motion for Review of Detention Order

("Amended Motion"), on December 21, 2016.  (Doc. 24).  In the Amended Motion, Defendant asserts the following information: (1) that both of the defendant's passports are expired; (2) that the defendant made contact with the U.S. Embassy in Panama when she moved her family there and thus was not trying to elude the U.S. authorities; and (3) that her employer has written a letter in support of her moral character plus indicated that he would like for her to return to her employment and provided her with a holiday bonus check even though she has not been able to work there due to being detained.  This last point, at a minimum, warrants reopening the issue of detention as it is information that was not known to the defendant at the time of the original detention hearing and has a material bearing on the issue of whether the Court can be reasonable assured that the defendant will not be a flight risk if released.  *See* 18 U.S.C. § 3142(f).

Further, at the hearing today, defense counsel indicated to the Court that the defendant's father was present in the courtroom and was willing to offer his residence, which is owned free and clear of any financial encumbrances, as security for the defendant's bond.  The defendant's father then testified under oath that he and his wife are both willing to provide their home as security for the bond, that he estimated the value of the home as approximately $85,000 to $90,000 and provided a rational basis for that estimated value, and that the home in not mortgaged or otherwise encumbered.  Additionally, defense counsel proffered that he has spoken with the defendant's supervisor at her employment, that the supervisor and Dr. Jay Kamath (the physician employing the defendant) personally are aware of the defendant's pending charges, that the defendant was a valued employee, and that they would like for the defendant to return to her employment upon release.

In consideration of this additional information as well as the availability of a secured bond as a newly available condition of release, the Court finds that a reconsideration of the prior detention order is prudent and warranted.  Therefore, based upon this additional information and applying the

four specific factors that the Bail Reform Act requires me to consider, I find that there are now conditions of release, financial or otherwise, to reasonably ensure that the defendant will appear in court as required.

It is, upon consideration,

ORDERED:

(1) Defendant's Amended Motion for Review of Detention Order (Doc. 24) is **GRANTED**; and

(2) Defendant shall be released. The specific conditions of her release were stated on the record at the hearing (Doc. 27) and shall be entered in the case docket by separate order.

DONE AND ORDERED this __23rd__ day of December, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge